United States District Court
Southern District of Texas
**ENTERED**
October 10, 2019
David J. Bradley, Clerk

**FILED**
OCT 09 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELIAS DELEON, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:18-CV-00331 |
| VS. | § | |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Elias DeLeon, Jr., a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

Respondent has filed a motion to dismiss, asserting the AEDPA statute of limitations as a defense. (Dkt. No. 6). Petitioner has not filed a response. After careful review of the record and relevant law, the undersigned recommends that Respondent's motion to dismiss (Dkt. No. 6) be **GRANTED**, that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, and that this action be **DISMISSED** with prejudice. It is further recommended that a certificate of appealability be **DENIED** and the case be closed.

### I.     BACKGROUND

#### A.     Procedural History

On September 2, 2008, Petitioner pleaded guilty to four charges in a five-count indictment and was convicted of three counts of aggravated assault with a deadly weapon and one count of murder in Hidalgo County, Texas, Case No. CR-2944-08-F. The 332nd District Court in Hidalgo

County sentenced Petitioner to 45 years' incarceration for the murder charge and five years of imprisonment for each count of aggravated assault, all to run concurrently. (*See* Dkt. No. 7-2 at 4–14, 17–19). Petitioner did not file a direct appeal of his conviction or sentence.

Petitioner filed a state application for a writ of habeas corpus with the trial court on June 8, 2018.[1] (Dkt. No. 7-2 at 39–40; Dkt. No. 7-3 at 26). In his state application, Petitioner challenged his conviction on the following grounds: (1) his attorney provided ineffective assistance by coercing his guilty plea; (2) "outrageous state and federal government misconduct for imprisoning the private man"; and (3) prosecutorial misconduct / double jeopardy. (Dkt. No. 7-2 at 23–41). On August 23, 2018, the presiding state court district judge entered recommended findings of fact and conclusions of law, recommending that relief be denied. (Dkt. No. 7-4 at 38–46). Based on those recommendations, the Texas Court of Criminal Appeals denied Petitioner's state habeas application "without written order on findings of trial court without hearing" on September 26, 2018. (Dkt. No. 7-1 at 1).

On October 15, 2018, Petitioner filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which seeks relief from his state court sentence.[2] (Dkt. No. 1 at 10).

### B. Summary of the Pleadings

Petitioner raises four claims in his § 2254 petition: (1) his attorney rendered ineffective assistance by "aiding government" and "tricking" him into pleading guilty; (2) his conviction was the result of "outrageous state and federal government misconduct"; (3) there was prosecutorial

---

[1] This is the date Petitioner signed his state habeas petition, although Petitioner does not explicitly indicate it was placed in the prison mailing system for filing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding that under the prison mailbox rule, Texas habeas applications by *pro se* inmates are deemed filed at the time the pleadings are delivered to prison officials for mailing).

[2] Petitioner declares under penalty of perjury that he placed his petition in the prison mailing system on this date. (Dkt. No. 1 at 10). *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (holding that § 2254 applications are deemed filed on the date an inmate tenders his petition to prison officials for mailing).

misconduct; and (4) by imposing multiple sentences, the State violated the prohibition against double jeopardy. (*See* Dkt. No. 1 at 6–7; Dkt. No. 1-1).

Noting that the challenged convictions became final in 2008, Respondent has filed a motion to dismiss, arguing that Petitioner's claims are time barred. (Dkt. No. 6 at 4–8).

## II.     ANALYSIS

### A.     Timeliness of Petitioner's § 2254 Claims

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitation within which a state prisoner may file a petition attacking a sentence under 28 U.S.C. § 2254. Where a prisoner attacks the validity of a state court judgment, the one-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[3] 28 U.S.C. § 2244(d)(1)(A).

Judgment was entered in Petitioner's case on September 2, 2008. (Dkt. No. 7-2 at 17–19). Petitioner did not appeal the conviction. (*See* Dkt. No. 1 at 3). Petitioner's conviction therefore

---

[3] The full text of the AEDPA limitations provision provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

became final on October 2, 2008, when the time for filing a notice of appeal expired.[4] *See* Tex. R. App. P. 26.2(a)(1) (notice of appeal timely filed 30 days after the entry of sentence). Absent some form of tolling, the AEDPA one-year limitation period expired on October 2, 2009. Because Petitioner did not file his federal habeas petition until October 15, 2018, this action was filed over nine years too late.

Petitioner argues that the statute of limitations does not apply. (Dkt. No. 1 at 9). Petitioner apparently believes that because he did not appeal his conviction (and therefore a mandate never issued), his judgment of conviction never became "final." (*See id.*) (arguing that the one-year statute of limitations does not bar his claim because there was no appeal taken from his state conviction and thus "no mandate . . . was issued . . . which would . . . be open to challenge."). Petitioner is mistaken. A state court conviction becomes "final" for purposes of the AEDPA when the time for seeking direct review expires, not when a mandate issues. *See Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003) (holding that "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)").

Although Petitioner claims that the one-year statute of limitations found in 28 U.S.C. § 2244(d) does not bar his claims, he raises no particular grounds for statutory or equitable tolling.

---

[4] Both Petitioner and Respondent indicate that Petitioner waived his right to appeal. (Dkt. No. 1 at 9; Dkt. No. 6 at 3). As such, arguably, Petitioner's sentence became final on the date his sentence was imposed because he had waived his right to appeal. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (waiver caused conviction to become final immediately upon entering guilty plea). *But see Hughes v. Dretke*, No. 4:04-CV-0802-Y, 2004 WL 2921841, at *5 (N.D. Tex. Dec. 15, 2004) (plea bargain waiver is irrelevant to calculating limitations period). This is an unsettled area in the law, and the undersigned will err on the side of caution by giving Petitioner the benefit of the 30 days. *See Barnes v. Mossburger*, No. 3:15-CV-4021-D (BH), 2018 WL 1449398, at *2 (N.D. Tex. Feb. 16, 2018) ("There is a split among federal courts in Texas about when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal."); *Whittle v. Stephens*, No. 3:15-CV-1783-L, 2015 WL 3884221 at *3-4 (N.D. Tex. June 22, 2015) (collecting cases).

In light of Petitioner's *pro se* status, whether statutory or equitable tolling apply here will be considered briefly below.

### B. Statutory Tolling

Section 2244(d)(2) provides that the one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). Petitioner's state habeas application, which was filed on June 8, 2018, was pending until September 26, 2018, when the Texas Court of Criminal Appeals denied the application. (*See* Dkt. No. 7-2 at 39–40; Dkt. No. 7-3 at 26; Dkt. No. 7-1 at 1). Petitioner's state habeas application did not toll the limitations period under the AEDPA, however, because it was filed after the limitations period had already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original). The record discloses no other basis for statutory tolling.

### C. Equitable Tolling

The one-year period of limitation found in § 2244(d)(1) may be equitably tolled only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (same). While the petitioner bears the burden of establishing that equitable tolling is warranted, the decision of whether to invoke equitable tolling is left to the district court. *See Howland*, 507 F.3d at 845; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Petitioner offers no valid explanation for his decision to delay seeking habeas review. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also In re Wilson*, 442 F. 3d at 875 ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."). Further, Petitioner's status as a *pro se* litigant is not an extraordinary circumstance that merits equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) ("[N]either [petitioner's] *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.") (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Petitioner has failed to meet his burden to show that any extraordinary circumstances prevented him from timely filing his petition.

Because Petitioner filed his § 2254 over nine years after the statute of limitations expired—and neither equitable nor statutory tolling apply—Petitioner's § 2254 petition is time barred.

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that the Respondent's motion to dismiss (Dkt. No. 6) be **GRANTED**, that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, that Petitioner's claims be **DISMISSED** with prejudice, and that this case be closed.

*Certificate of Appealability*

It is recommended that the District Court **DENY** a Certificate of Appealability (COA).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because it is recommended that Petitioner's § 2254 motion be dismissed, the undersigned must address whether Petitioner is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petitioner states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means.

SIGNED this 9th day of October, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge